United States District Court
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                            EUREKA DIVISION

6

7   KEVIN BRIGGS,

8                    Petitioner,              No. C 15-4355 NJV (PR)

9        vs.                                  **ORDER OF DISMISSAL**

10  WARDEN SPEARMAN,

11                   Respondent.
                                        /
12
        Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28
13
    U.S.C. § 2254.  Petitioner has also applied for leave to proceed in forma pauperis and
14
    consented to the jurisdiction of a Magistrate Judge.
15
                              **BACKGROUND**
16
        Petitioner appears to be challenging a parole revocation from November 29, 2006.
17
    He argues that the legislation and injunction stemming from *Valdivia v. Brown*, 956 F.
18
    Supp. 2d 1125 (E.D. Cal. July 3, 2013), which provided inmates facing parole revocation
19
    with certain rights should be made retroactive to his 2006 hearing.  He seeks a restoration
20
    of one year of credits and a removal of the violation from his record.[1]
21
                              **DISCUSSION**
22
    A.   **Standard of Review**
23
        This court may entertain a petition for writ of habeas corpus "in behalf of a person in
24
    custody pursuant to the judgment of a State court only on the ground that he is in custody
25
    in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
26
    2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet
27

28
        [1] It appears that petitioner is currently incarcerated on a different underlying conviction
    because he also stated that he was convicted on August 2, 2013, for a different case number.

United States District Court

For the Northern District of California

1    heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

2    application for a federal writ of habeas corpus filed by a prisoner who is in state custody

3    pursuant to a judgment of a state court must "specify all the grounds for relief available to

4    the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

5    Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

6    petition is expected to state facts that point to a 'real possibility of constitutional error.'"

7    Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

8    1970)).   "Habeas petitions which appear on their face to be legally insufficient are subject

9    to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

10   1108 (9th Cir. 1996) (Schroeder, J., concurring).

11   **B.    Analysis**

12         In addition to the underlying petition in this case, petitioner has filed a motion to stay

13   pending a ruling from the California Supreme Court.  Before he may challenge either the

14   fact or length of his confinement in a habeas petition in this court, petitioner must present to

15   the California Supreme Court any claims he wishes to raise in this court.  *See Rose v.*

16   *Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition

17   must be exhausted).  The general rule is that a federal district court must dismiss a federal

18   habeas petition containing any claim as to which state remedies have not been exhausted.

19   *Id.*

20         A fully unexhausted federal habeas petition may not be stayed and must be

21   dismissed.  *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that

22   a fully unexhausted petition may not be stayed and observing: "Once a district court

23   determines that a habeas petition contains only unexhausted claims, it need not inquire

24   further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition

25   for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009)

26   (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a

27   "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims

28   have been exhausted, and none of [petitioner's] claims were exhausted").

2

1    Because petitioner has presented an unexhausted petition, this case is dismissed

2  without prejudice and petitioner may refile when the claims are exhausted.

3                                      **CONCLUSION**

4       1.  Petitioner's motion to proceed in forma pauperis (Docket No. 5) is **GRANTED**.

5       2.  The motion to stay (Docket No. 2) is **DENIED**.

6       3.  The petition is dismissed without prejudice and petitioner may refile when the

7  claims are exhausted.  Because reasonable jurists would not find the result here debatable,

8  a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473,

9  484-85 (2000) (standard for COA).

10      **IT IS SO ORDERED.**

11  Dated: October 22, 2015.

   NANDOR J. VADAS
12  United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3